# NASH,
*Respondent,*

*v.*

# SHADWICK et al,
*Appellants.*

(85-12-30280; CA A39339)

739 P2d 1099

Richard L. Stradley, Hillsboro, argued the cause and filed the briefs for appellants.

Michael W. Peterkin, La Grande, argued the cause for respondent. With him on the brief was Mendiguren & Peterkin, P.C., La Grande.

Before Joseph, Chief Judge, and Richardson and Warren, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Pursuant to IRC § 6331(a), the Internal Revenue Service seized certain real property on a claim for delinquent taxes owed by defendants. The property was sold to plaintiff at a public auction on July 17, 1985, and the IRS issued him a "Certificate of Sale of Seized Property," pursuant to IRC § 6337. Under IRC § 6337(b), defendants had the right to redeem the property for a period of 180 days after the sale. On December 4, 1985, before the expiration of the redemption period, plaintiff obtained a writ of assistance. Defendants were then occupying the property. The writ was executed on December 9, 1985. On February 5, 1986, after the expiration of the redemption period, there was an evidentiary hearing on a motion to set aside the writ. The motion was denied, and a "judgment" was entered by which it was "ordered that defendant's [sic] Motion to Set Aside Writ of Assistance is hereby denied * * *." Defendants filed a notice of appeal "from the issuance of the Writ of Assistance * * * and from the denial of Defendants' Motion to Set Aside Writ of Assistance * * *."

At oral argument, we raised the question of whether the appeal ought to be dismissed for want of jurisdiction. Defendants point to *U.S. National Bank v. Colegio Cesar Chavez,* 281 Or 329, 574 P2d 647 (1978), as authority for taking an appeal from the issuance of a writ of assistance. Examination of the rather peculiar set of briefs in that case reveals that no jurisdictional question was raised. In any event, assuming that the judgment in this case is appealable under ORS 19.010(2)(c) or ORS 19.010(1) and ORCP 67A, defendants have presented no question for decision on appeal.

The heart of defendants' brief is contained in this quotation:

> "Since the *party delinquent* in this case was the Defendants, not the record title holder to the property (certain trusts), only whatever title the Defendants had to the property could actually pass to the Plaintiff after the sale. Since at the time of the sale, the Defendants had no title to the property, no title could pass, and no title has passed, to the Plaintiff." (Emphasis in original.)

Leaving aside any question of the effect of the expiration of the redemption period by the time of the judgment appealed from, the only thing determined by the writ of assistance was

the right of possession as between plaintiff, the purchaser, and the occupants of the property, defendants. *See* ORS 23.590. The issuance of the writ had nothing to do with the claims of anyone but the parties to this appeal, and defendants make no claim of error on their own behalf.

Affirmed.